# RABINOWITZ, LUBETKIN & TULLY, L.L.C.

## ATTORNEYS AT LAW

JONATHAN I. RABINOWITZ*
JAY L. LUBETKIN ∆
MARY ELLEN TULLY +
BARRY J. ROY* ▫
LAURA E. QUINN*
JOHN J. HARMON*

293 EISENHOWER PARKWAY • SUITE 100
LIVINGSTON, NEW JERSEY 07039
TELEPHONE: (973) 597-9100 • FACSIMILE: (973) 597-9119
WWW.RLTLAWFIRM.COM

* MEMBER NJ & NY BARS
∆ MEMBER NJ & GA BARS
+ MEMBER NJ & PA BARS
▫ MEMBER MA BAR

September 25, 2013

Via ECF and E-mail chambers_of_rg@njb.uscourts.gov

Honorable Rosemary Gambardella
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:    In re K.O IS O.K., LLC, d/b/a the Farm in Closter
       **Chapter 12**
       **Case No. 10-25143 (RG)**
       **Sovereign Bank's Motion for Dismissal**
       **Hearing Date: September 30, 2013 at 11:00am**

Dear Judge Gambardella:

As a review of the docket in the above referenced matter will reveal, I serve as substitute Chapter 12 Trustee in the referenced bankruptcy proceeding.

In my capacity as Chapter 12 Trustee, I offer the following response to Sovereign Bank's motion to compel Plan payments and to dismiss the Debtor's Chapter 12 bankruptcy proceeding.

Based upon the information in Sovereign's motion for, *inter alia,* dismissal, and the limited details provided by the Debtor in the responsive Certification of Kyounghee Sollod, it is apparent the Debtor has defaulted in the post confirmation payments required to be made to Sovereign under the confirmed Chapter 12 Plan. Even further, independent of the status of the Debtor's payments under the confirmed Plan to Sovereign, based upon communications with Andrea Dobin, Esq., the prior Chapter 12 Trustee, the Debtor is also in default of its Plan payments to the Chapter 12 Trustee for the benefit of general unsecured creditors.

As a review of the confirmed Plan will reveal, the Debtor was obligated to make semi-annual Plan payments to the Trustee for five years in amount of $3,300 each, and according to

Ms. Dobin, no payments have been made. As of today's date, the Debtor has missed five such payments, with a sixth due in approximately two weeks.

Even further, it is apparent from the Certification of Kyounghee Solled that the Debtor sold assets post-confirmation, without entry of a Bankruptcy Court Order authorizing such sale. While the Debtor indicates that the $12,000 in proceeds from the sale of those assets was used to pay creditors, that money was not paid to the Chapter 12 Trustee, and the assumption is that such funds were used to satisfy post-petition debts of the Debtor, as opposed to funding the Debtor's obligations under its Plan. Moreover, there is a serious question whether under the provisions of 11 U.S.C. § 1206, the Debtor in a Chapter 12 case has the authority to sell its assets, as opposed to the clear authority of the Chapter 12 Trustee to do so.

Despite the Plan defaults, unless it can be determined that the Debtor committed fraud in connection with the bankruptcy proceeding, something that is not readily apparent based on the limited record before the Court, it does not appear as though conversion of the bankruptcy proceeding to a case under Chapter 7 is authorized by the provisions of the Bankruptcy Code.

As a result, under the circumstances presented, the Chapter 12 Trustee believes dismissal of the Debtor's bankruptcy case as requested by Sovereign is appropriate.

The Debtor's submission itself confirms there is no longer any farm income which can be generated, and thus the primary purpose of Chapter 12 (to enable farm income to be generated to fund payments to creditors) can no longer be satisfied in this circumstance.

Respectfully submitted,

RABINOWITZ, LUBETKIN & TULLY, L.L.C.

Jay L. Lubetkin

JLL:rg

CC: Anthony Sodono, Esq.
    Joseph L. Schwartz, Esq.
    United States Trustee's Office

F:\Client_Files\A-M\K.O. Is O.K., LLC\Correspondence\Gambardella-1.doc