

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Kevin J. Larner**
Attorney

Direct:
t: 973.451.8529
f: 973.451.8797
klarner@riker.com
Reply to: Morristown

September 25, 2013

**Via ECF**

Hon. Rosemary Gambardella, U.S.B.J.
United States Bankruptcy Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, NJ 07102

Re:   KO is O.K., LLC ("Debtor")
      Case No. 10-25143 (RG)

Dear Judge Gambardella:

This firm represents Sovereign Bank ("Sovereign"), the primary secured creditor of the above-referenced Debtor, which holds first priority liens upon virtually all of the Debtor's assets, as recognized in the confirmed plan in this case.  Please accept this letter, in lieu of a more formal submission, in furtherance of Sovereign's motion to compel payment in accordance with the confirmed plan, or, for dismissal (the "Motion"), and in reply to (i) the Certification of the Debtor's principal, Kyounghee Sollod (the "Sollod Certification") in opposition to the Motion and (ii) the Chapter 12 Trustee's (the "Trustee") response to the Motion.

First, the gratuitous accusations directed toward Sovereign in the Sollod Certification are baseless and irrelevant, and should be disregarded.  Despite the Debtor's attempts to distract and divert attention from the substance of Motion, it is abundantly clear that the Debtor and its principal, Mr. Sollod, have violated their duties under the Bankruptcy Code, to this Court and to creditors.  Mr. Sollod admits in the Sollod Certification that the Debtor (i) defaulted under the terms of the confirmed plan months, if not years, ago and (ii) ceased doing business in December 2012, without ever advising the Court or creditors.

More disturbing is Mr. Sollod's admission that he and the Debtor converted Sovereign's collateral for the benefit of Mr. Sollod and his new entity, the Barn in Closter, without Court authority and without providing any consideration from that sale to creditors of the estate.  Not only did Mr. Sollod cause the Debtor to "sell" all remaining estate property without Court authority to his new entity, allegedly for $12,000 – which likely is well below fair market value –

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Rosemary Gambardella, U.S.B.J.
September 25, 2013
Page 2

but he then caused the Debtor to abscond with the proceeds of that sale, which proceeds constitute Sovereign's collateral and therefore belong to Sovereign. Sovereign submits that Mr. Sollod's conduct could amount to a bankruptcy crime, and warrants investigation by the Office of the United States Trustee for a potential violation of, *inter alia*, 18 U.S.C. §§ 152 and 153.

For the reasons set forth herein and in the Motion, Sovereign respectfully requests that the Court dismiss this case.

Respectfully submitted,

Kevin J. Larner

cc:   Anthony Sodono, Esq.
      Jay L. Lubetkin, Esq.
      United States Trustee's Office

4411408v1